# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ESTHER KEELING,**

       **Plaintiff,**              **CIVIL ACTION NO. 07-CV-12612-DT**

vs.

                                 **DISTRICT JUDGE DAVID M. LAWSON**

**HILTON CONVALESCENT**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**HOME LLC and ASSOCS.,**

       **Defendant.**
_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** Defendant's Motion to Dismiss filed on August 15, 2007 (docket no. 13) should be **GRANTED**, and this action should be dismissed.

**II.**    **REPORT**:

    *A.*    *Facts and Procedural History*

Plaintiff, proceeding *pro se*, brought this action against her former employer, a convalescent home, claiming that Defendant violated her rights by not fulfilling a verbal agreement regarding the type of work she would be performing. (Docket no. 9). Plaintiff also alleges that Defendant wrongfully terminated her employment because of the illegal use of the at-will doctrine and by failing to follow facility policies. (*Id.*). Finally, Plaintiff charges Defendant with the intentional infliction of emotional distress through her working conditions. (*Id.*). She seeks damages and three days of pay as relief. (*Id.*).

Defendant filed this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) & (6). (Docket no. 13). Plaintiff responded to Defendant's Motion. (Docket no. 15). Defendant filed a Reply brief. (Docket no. 16). Plaintiff also filed a supplemental brief. (Docket no. 17). All pretrial matters have

been referred to the undersigned for action. (Docket no. 11). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is therefore ready for ruling.

      B.      *Standard of Review*

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

Under Rule 12(b)(1) the Plaintiff has the burden of proving jurisdiction in order to survive the motion. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). In a Rule 12(b)(1) challenge to jurisdiction, the Court is empowered to decide issues of fact. (*Id.*). A Rule 12(b)(1) motion should be decided before a Rule 12(b)(6) motion. (*Id.*).

      C.      *Analysis*

Defendant argues that Plaintiff has failed to plead any jurisdictional allegations in her Amended Complaint and that this action should be dismissed pursuant to Rule 12(b)(1) as a result. (Docket no. 13 at 3). Plaintiff has not alleged any facts which show that this Court has diversity jurisdiction in this action. *See* 28 U.S.C. § 1332. Both Plaintiff's address and Defendant's address are in Michigan. In addition, Plaintiff's Amended Complaint does not cite any federal statute, law, or Constitutional provision upon which this Court's jurisdiction could be based. *See* 28 U.S.C. § 1331. Plaintiff's factual allegations suggest claims of discrimination and harassment based on race. However, after Defendant raised this possibility in its Response brief[1] Plaintiff specifically denied that she was raising any claims

---

[1] Defendant also pointed out that Plaintiff had failed to allege that she had received a right-to-sue letter from the EEOC which is a prerequisite to raising such discrimination claims. In her Reply brief, Plaintiff alleged that she had received such a letter but did not produce a copy of it. Plaintiff attached a copy of a dismissal order from the Michigan Department

for harassment or discrimination. (Docket no. 15 at 2). Plaintiff asserts that she is raising claims only for breach of a verbal agreement, intentional infliction of emotional distress, and wrongful termination. (*Id.*). Such claims are based in state law and not federal law. Plaintiff should assert her claims in state court rather than in this Court. In short, Plaintiff has failed to carry her burden of showing a basis for this Court's jurisdiction over this action. *See Moir*, 895 F.2d at 269. This action should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

### III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the

---

of Civil Rights to her supplemental brief. (Docket no. 17). The issue of whether Plaintiff received a right-to-sue letter is moot because she has specifically stated that she is not raising any discrimination or harassment claims.

objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 25, 2007          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Esther Keeling and Counsel of Record on this date.

Dated: September 25, 2007          s/ Lisa C. Bartlett
                                   Courtroom Deputy